**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-7050**

LEWIS GIBSON,

                Petitioner - Appellant,

      v.

WARDEN PHELPS, FCI Edgefield,

                Respondent - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Beaufort. J. Michelle Childs, District Judge.  (9:20-cv-00981-JMC)

Submitted:  October 22, 2020                Decided:  October 27, 2020

Before WYNN, FLOYD, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lewis Gibson, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lewis Gibson, a federal prisoner,[*] appeals the district court's order adopting the magistrate judge's recommendation and dismissing without prejudice his 28 U.S.C. § 2241 petition, in which he sought to challenge his sentence by way of the savings clause in 28 U.S.C. § 2255. Pursuant to § 2255(e), a prisoner may challenge his sentence in a traditional writ of habeas corpus pursuant to § 2241 if a § 2255 motion would be inadequate or ineffective to test the legality of his detention.

> [Section] 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).

We have reviewed the record and find no reversible error in the district court's conclusion that it lacked jurisdiction to consider Gibson's petition. Accordingly, we affirm substantially for the reasons stated by the district court. *Gibson v. Phelps*, No. 9:20-cv-00981-JMC (D.S.C. June 30, 2020); *see also Bullard v. United States*, 937 F.3d 654, 658-61 (6th Cir. 2019) (holding that challenge to career offender enhancement under *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (en banc) (per curiam), does not present

---

[*] Because Lewis is a federal prisoner, he need not obtain a certificate of appealability to pursue this appeal. *See* 28 U.S.C. § 2253(c)(1).

2

fundamental defect cognizable on collateral review), *cert. denied*, 140 S. Ct. 2786 (2020). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*
